McKinney, J.,
delivered the opinion of the Court.
This is an action of debt, founded upon a guardian bond, to which the defendant was a surety. The ground of defence is, that the defendant was released of his liability on said bond.
It appears from the record, that at the December sessions, 1836, of the county court of Gibson, Benjamin Brown was appointed guardian of Mary E. Youngblood, then a minor, for whose use this suit is brought; and that he entered into bond with the defendant and one Berry (who is not sued) as his sureties.
It further appears, that at the January sessions, 1837, of said court, said Brown was re-appointed guardian of said Mary E. Youngblood — for what reason does not appear — and that he thereupon executed another bond for the faithful discharge of his duties as guardian, with J, N. Walton and A. *389 C. Nimmo as his sureties. And from a separate and subsequent entry upon the record of the same session it appears, that the defendant Penn, “was released as security of Benjamin Brown, guardian of Mary E. Youngblood.”
On the trial in the circuit court, the plain tiff proposed to prove, that the bond executed by the guardian, upon his last appointment, was worthless — that both the principal and sureties were, at the time oí its execution, and ever since have been, insolvent — and further, that the penalties of both bonds were not equal in amount to the value of the estate of said Mary E. Youngblood. Other matters, not material to be noticed, were likewise offered to be proved by the plaintiff.
The court refused to admit the foregoing evidence, and held, that, by the release, the defendant was discharged from all liability upon his bond, and for the past as well as for the future.
For the plaintiif it is assumed, that the power of the court to release the surety, depended, as a condition precedent, upon the substitution of a new bond sufficient in all respects for the full indemnity of the ward. That if this were not done, the action of the court, in releasing the former surety, was an absolute nullity, and his liability remained wholly unaffected by the proceedings. In support of this proposition are cited, Polk vs. Wisener, 2 Humph. 520, and Jamison vs. Cosby, 11 Humph. 273. In neither of these cases was this point in judgment. No such question was presented by the facts in either case; and the isolated expression referred to by the plaintiff’s counsel, and supposed to sustain his position, must be understood with reference to the facts of the particular case before the court, and not as designed to establish any other or broader legal proposition than the case called for.
By the act of 17C2, ch. 5, § 21, the power to relcasc is conferred, and the method pointed out, With the power to release a former surety, is coupled the duty of taking other *390 <rgood and sufficient security.” In the execution of this power, a perilous discretion, to be exercised with cautious and prudent vigilance, is necessarily conferred upon the court, to judge of the sufficiency of the security. And the neglect or violation of duty, in this respect, on the part of the court, has the effect, not to render inoperative the discharge of the former surety, or to continue his liability, but to subject the justices to personal liability “for all loss and damage” which may be sustained by the ward for want of sufficient security. In other words, the justices themselves stand personally bound as sureties; but the liability of the former surety, having once been extinguished by a proceeding conformable to the statute, can never be revived against him.
There is no active duty imposed upon the surety, in such case, to see to it, that the sureties in the new bond are good and sufficient, or that the bond is in other respects such as the law requires; the duty as well as the responsibility in relation to these matters is devolved exclusively upon the court.
The new bond, taken in such a case, covers the entire estate of the ward, and makes the sureties to such bond responsible for the official conduct of his guardian, from the commencement of his guardianship.
The result is, that there is no error in the judgment, and it will be affirmed.